**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM H. MALOOF,** | ) | **CASE NO.1:07CV1902** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **BT COMMERCIAL CORP., ET AL.,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

On July 26, 2007, this Court held a hearing in open court on Plaintiff's Motion to Reconsider Order Denying Plaintiff's Motion to Transfer and Show Cause for Contempt of Court. The purpose of the hearing was to discuss the denial of Plaintiff's Motion to Transfer and for Plaintiff and Plaintiff's counsel to Show Cause why they should not be held in contempt for the allegations made in their motion to reconsider. Plaintiff's Motion to Reconsider alleged this Court played "a role in the recent ceremonial humiliation of David Jacobs" and "trumpeting vindication of Richard E. Jacobs' (a defendant in this case) probity in *Jacobs v. Jacobs*," (parenthesis added) Case No. 04-2235, a case before this Court, subsequently resolved by the parties without a ruling on the merits.

1

Plaintiff, in his Motion to Reconsider, further contends any ruling on the merits of the claims in this action would be "subjected to the taint of suspected partiality". "Even the perceived allegiance of a Court to a party in an active suit, which perceptions arose from the Court's conduct of a previous suit, hobbles the fundamental role of the Court as that place where justice is not only done but seen to be done." Plaintiff further writes, "the same firm neutrality (comparing Judge Aldrich's court, the forum desired by Plaintiff, with this Court) is not apparent in this Court in light of this Court's role in Richard Jacobs' ceremonial and crushing humiliation of his nephew in *Jacobs v. Jacobs*." Finally, Plaintiff contends "transferring the case will advance a good judicial economy in Judge Aldrich's court and obviate an evil, the perception of partiality arising from the conduct of the settlement in *Jacobs v. Jacobs*, *supra* in this Court."

At the hearing, the Court explained to Plaintiff and his counsel that the express language of Local Rule 3.1(b)(5) requires, "[a]ny case received from the random draw may be transferred, with the concurrence of the receiving District Judge and the approval of the Chief Judge." Upon receipt of Plaintiff's original motion to transfer, the Court inquired of Judge Aldrich whether she would accept the case. She declined. Therefore, under the local rules of this District Court, this Court could not transfer the case and Plaintiff's Motion was denied on July 5, 2007. Plaintiff has cited no case law supporting transfer in lieu of the consent of the receiving judge. The Court denied Plaintiff's Motion to Reconsider at the July 26, 2007 oral hearing and affirms that denial in this Order.

On August 9, 2007, in response to the Court's Order of August 2, 2007 to Show Cause in writing why Plaintiff's counsel should not be held in violation of Fed. R. Civ. P. 11 for the allegations contained in the Motion to Reconsider, Plaintiff's counsel submitted a brief outlining

his position. In it, Plaintiff's counsel contends the contents of the dismissal entry in *Jacobs v. Jacobs* supports the allegations contained in the Motion to Transfer and that the Motion spoke "strictly to the appearances arising from the Order." He further argues: a) the apology contained in the dismissal could be viewed as humiliating; b) the Court's role in the "ceremonial humiliation was its signing the dismissal order; c) the same dismissal order could be viewed as a vindication of Richard Jacobs and the Court's role in that vindication was its signature on the order; d) when speaking of the "taint of suspected partiality" the statement was meant to address the "possible consequences of proceeding with the present suit in light of the perception arising from the Jacobs v. Jacobs settlement," and asserts no facts making Rule 11(b)(3) inapplicable; e) Plaintiff's counsel contends his statement that "the same firm neutrality is not apparent in this Court in light of this Court's role in Richard Jacobs' ceremonial and crushing humiliation of his nephew in Jacobs v. Jacobs" was limited to the characterizations of the Order itself; f) lastly, Plaintiff's counsel's statement that "transferring the case will advance a good judicial economy.... and obivate an evil, the perception of partiality..." was "purely argument and never asserted the existence of any fact."

At the hearing, the Court asked Plaintiff whether he had read the Motion to Reconsider, whether he approved of the motion and whether he had discussed the motion with his counsel. Plaintiff answered affirmatively to these questions. The Court then asked Plaintiff if he took part, in any way, in the *Jacobs v. Jacobs* case and Plaintiff stated he did not. When asked if he had any contact with the attorneys in *Jacobs v. Jacobs,* Plaintiff denied any contact with counsel in the *Jacobs* case.

The Court then inquired of Plaintiff's counsel, David Eisler, if he had ever appeared

3

before the Court. Counsel stated he had very briefly appeared in a prior case which was subsequently transferred. That transfer was not on the basis of bias or prejudice.

The Court further inquired of Plaintiff's counsel the basis for his allegations in the Motion to Reconsider. Plaintiff's counsel acknowledged the sole basis for his allegations was the language in the *Jacobs v. Jacobs* dismissal entry and the Court's signing of the order. Plaintiff's counsel admitted he reviewed the docket of *Jacobs v. Jacobs* and he was aware the Court never made a ruling on the merits, never took testimony from anyone in that case and never made a ruling on the credibility of anyone in the *Jacobs* case. Plaintiff's counsel further admitted he was unaware the language of the dismissal entry was agreed upon by the parties and the Court had no input on the language of the dismissal entry.

Fed. R. Civ. P. 11(b) states:

**(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

**(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

**(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

*(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and*

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Rule 11 permits sanctions under section (c) which holds:

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision

4

(b) or are responsible for the violation.

In determining whether sanctions may be imposed under Rule 11, the Sixth Circuit has stated the appropriate test is "whether the individual's conduct was reasonable under the circumstances." *International Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. Aguirre,* 410 F.3d 297, 304 (6th Cir.2005). In *Elsman v. Standard Fed. Bank*, 46 Fed Appx. 792, 801 (6th Cir. 2002), the Sixth Circuit cited to 5A Wright and Miller, Federal Practice and Procedure, Civil 2d §337 at 132-33 (1990) as a guide for Courts in determining sanctions under Rule 11:

> If sanctions are deemed appropriate, the court should indicate fairly precisely what conduct has been found to be improper and under which provision of law the sanctions are being awarded. In addition, and particularly when a substantial amount of money is involved, the district judge should state with some specificity the manner in which the sanction has been computed.

The Court has considered Plaintiff's counsel's arguments in his brief and in open court. The Court finds the allegations contained in the Motion to Reconsider are not based on reasonable inquiry. The plain language of the dismissal entry does not support the allegations contained in the Motion to Reconsider. The dismissal order does not render an opinion on the merits of either parties claims or positions and offers no opinion on the probity of any party.

The Court further finds that Plaintiff disingenuously attempts to couch the allegations of the Court's "role in the ceremonial humiliation David Jacobs" and "trumpeting vindication of Richard E. Jacobs' probity as the "appearance" of its role. However, the plain language of the Motion to Reconsider does not support this interpretation. Rather, the allegations were stated as fact without the requisite reasonable investigation. When asked what the Court's role was in these allegations Plaintiff's counsel relied exclusively on the mere signature of the Court on the

5

dismissal entry. The public is left with unsupported, unreliable and unreasonable allegations by Plaintiff's counsel that this Court holds some bias or prejudice in favor of Richard E. Jacobs merely because the Court approved of the language submitted after extensive negotiations and consent by all parties in the *Jacobs v. Jacobs* case, without knowledge that this Court had no input into the language contained therein. The Court further finds it was unreasonable and sanctionable for Plaintiff's counsel to equate the signing of an agreed upon entry containing an apology, not ordered by the Court, with allegations that the Court played a role in the ceremonial humiliation of David Jacobs or trumpeting vindication of Richard Jacobs probity." Plaintiff's counsel choose to file these allegations publicly without ever having met with or discussed his concerns with this Court.

The Court will not order sanctions for the statement, "subjected to the taint of suspected partiality," as it does not purport to be fact. However statements 3 & 4 of the Show Cause Order allege, yet again, some role of the Court in the "ceremonial and crushing humiliation" of Richard Jacobs nephew and the "perception of partiality arising from the conduct of the settlement in Jacobs v. Jacobs." Again, such allegations were unreasonable and are not apparent from the language of the agreed upon dismissal entry. In fact, Plaintiff's counsel expressly alleges some "conduct" on the part of the Court at settlement displayed partiality. Again, no inquiry was made by Plaintiff's counsel beyond the reading of the dismissal order.

Therefore, the Court finds Plaintiff's counsel has violated Rule 11(b)(3), as the allegations against this Court contained in Plaintiff's Motion to Reconsider and described above had no evidentiary support, were not likely to have evidentiary support after reasonable discovery, were not based in fact and were not made after reasonable inquiry. Therefore,

6

pursuant to Fed. R. Civ. P. 11(c)(1)(B), the Court finds sanctions are warranted against Plaintiff's counsel only, to deter such conduct in the future. The Court is convinced Plaintiff was following the advice of counsel by filing the subject motion.  The Court Orders Defendants to submit costs, itemized and supported by affidavit, incurred as a result of attending the hearing on Plaintiff's Motion to Reconsider Order Denying Transfer and Show Cause for Contempt of Court.  Defendants shall submit their itemized costs, supported by affidavit, no later than August 22, 2007.  Plaintiff's counsel may file responses challenging the amounts incurred by Defendants no later than August 29, 2007.

      IT IS SO ORDERED.


 August 15, 2007                      S/Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                          United States District Judge