UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM H. MALOOF, | ) | Case No.: 1:07 CV 1902 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| BT COMMERCIAL CORPORATION, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants | ) | ORDER |

Plaintiff William H. Maloof, on behalf of Level Propane Gases, Inc., *et. al.* ("Plaintiff" or

"Maloof"), brings the above-captioned lawsuit against Defendants BT Commercial Corp., *et. al.*,

(collectively, "Defendants"), alleging the following claims: (1) fraud and racketeering, pursuant to

18 U.S.C. §§ 152(8), (9), 1961, 1964; (2) anticompetitive conduct, pursuant to 15. U.S.C. § 15; and

(3) unjust enrichment.  (Compl., ECF No. 3.)  Plaintiff is the sole shareholder of several companies,

which he names as Defendants.  The other Defendants are banks, creditors, and other entities that

purportedly engaged in the fraudulent conduct alleged by Plaintiff.

Now pending before the court are WHM Emprises, Inc., *et al.*'s (the "Debtors") Motion to

Dismiss (ECF No. 9); Plaintiff's Motion to Reconsider Order Denying Motion to Transfer Case

(ECF No. 10); the Debtors' Motion to Stay Action Ex Parte (ECF No. 12); Defendant Steven Sues'

Motion to Dismiss Verified Complaint (ECF No. 17); Defendants Newmarket Partners, LLC and John S. Rudd's Motion to Dismiss Complaint (ECF No. 19); Defendants Benesch, Friedlander, Coplan & Aronoff LLP, James M. Hill, and H. Jeffrey Schwartz's Motion to Dismiss (ECF No. 55); Defendants Amerigas Propane, L.P. and UGI Corporation's Motion to Dismiss (ECF No. 59); Plaintiff's Motion for Stay of Proceedings in this Case Pending Disposition of His Motion to Vacate Agreed Conversion Order and Sale Order of the Level Propane Going-Concern Assets in the United States Bankruptcy Court (ECF No. 70); Defendant Robert F. Angart's Motion to Dismiss Maloof's Verified Complaint (ECF No. 74); Defendant Kenneth Seminatore's Motion to Dismiss (ECF No. 95); Defendant Walter Himmelman's Motion to Dismiss Pursuant to Civ. R. 12(b)(6) (ECF No. 96); Bank Defendants' Motion to Dismiss (ECF No. 112); and Charles Sweet's Motion to Dismiss Maloof's Verified Complaint (ECF No. 130).

For the reasons stated below, the Debtors' Motion to Dismiss (ECF No. 9) is granted, and the other Motions are denied as moot.

## I. FACTS AND PROCEDURAL HISTORY

The instant case represents the latest in a string of lawsuits, filed in both the United States Bankruptcy Court for the Northern District of Ohio and the United States District Court for the Northern District of Ohio, wherein Plaintiff alleges that various Defendants fraudulently commenced bankruptcy proceedings and conspired to reduce the value of his companies.[1]  (*See* Debtors' Mot. Dismiss at 6 n.3) (listing related proceedings.)  Both the district court and appeals court previously

_____

[1]     The Debtors state, and Plaintiff does not dispute, that two of the named Defendants, Level Energy Group, Inc. and Lenergy, Inc. (who should be properly named as Lenergy Transport Leasing, Inc.), were dismissed from the Chapter 11 case in the bankruptcy court on July 20, 2004.  (Debtor's Mot. Dismiss at 2.)

-2-

rejected Plaintiff's attempt to bring these claims in his own name. *Maloof v. BT Commercial Corp., et al.*, No. 1:06-cv-1378 (N.D. Ohio Feb. 13, 2007) (Aldrich, J.), *aff'd, Maloof v. BT Commercial Corp., et al.*, No. 07-3333, 2008 U.S. App. LEXIS 2376 (6th Cir. Jan. 30, 2008). Thus, Plaintiff now brings these claims as a derivative action.

Plaintiff filed the instant action in this court on June 26, 2007, where it was originally assigned to Judge Christopher A. Boyko ("Judge Boyko"). Plaintiff sought to transfer the case to Judge Ann Aldrich, who had previously handled several of the related proceedings; however, Judge Boyko determined that transfer of the case was inappropriate. (*See* Order 7/5/07 [non-document].) On November 1, 2007, Judge Boyko recused himself and the case was reassigned to this court. (Order, ECF No. 124.) The court held a status conference with counsel for the parties on December 13, 2007. At the conference, the court granted the Debtors' Motion for Leave to Intervene (ECF No. 8), as well as several motions for extensions of time and other procedural and/or administrative matters. (Order, ECF No. 50.)

## II. DISMISSAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the court to determine the legal sufficiency of a plaintiff's claim. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The basic federal pleading requirement is contained in Rule 8(a), which states that a pleading "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Courts reviewing a 12(b)(6) motion must accept the well-pled factual allegations of the complaint as true and construe all reasonable inferences in favor of the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). In order to survive a Rule 12(b)(6) challenge, a "complaint must contain either direct or inferential allegations respecting all the

-3-

material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations omitted).  The court, however, need not accept "conclusions of law or unwarranted inferences cast in the form of factual allegations." *Czupih v. Card Pak, Inc.*, 916 F. Supp. 687, 689 (N.D. Ohio 1996).  Ultimately, a complaint may be dismissed only if "the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

### III. LAW AND ANALYSIS

### A. The Debtors' Motion to Dismiss

The Debtors allege that Plaintiff lacks standing to bring the instant action on the ground that he has not obtained permission from the bankruptcy court, which has jurisdiction over the Debtors' Chapter 11 estate, to prosecute a derivative action on behalf of the Debtors.

Under 11 U.S.C. § 323(a), the trustee in a bankruptcy case is the representative of the estate, and § 1107(a) gives the debtor in possession[2] all the rights, powers, and duties of a trustee. Furthermore, under § 362(a)(3), the filing of a bankruptcy case operates as an automatic stay of any act to exercise control over the property of the estate.  Federal Rule of Bankruptcy Procedure 7023.1 states that Federal Rule of Civil Procedure 23.1 applies in derivative actions by shareholders.  A prerequisite for a derivative action is that the plaintiff must "fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association."  Fed. R. Civ. P. 23.1(a).  The rule further requires that the plaintiff indicate "any effort . . . to obtain the desired action from the directors or comparable authority and,

---

[2]     11 U.S.C. § 1101(1) defines "debtor in possession" as the debtor.

if necessary, from the shareholders or members; and . . . the reasons for not obtaining the action or

not making the effort."  *Id.* at 23.1(b)(3).  Collier, the leading treatise on bankruptcy law, states:

> Derivative actions to which Rule 23.1 of the Federal Rules of Civil
> Procedure are applicable will rarely be prosecuted as adversary
> proceedings before a court exercising bankruptcy jurisdiction.
> Pursuant to section 541(a) of the Bankruptcy Code, any right of
> action or claim that the corporation has at the time the case is
> commenced will become part of the debtor's estate.  The trustee or
> debtor in possession will normally be the sole person entitled to
> enforce that claim.  *Shareholders of the corporation would not be*
> *able to institute a derivative action without prior authorization from*
> *the court*, which authorization would not be forthcoming unless there
> were a clear showing that a request had been made to the trustee or
> debtor in possession and that the trustee or debtor in possession had
> unjustifiably refused to seek to enforce the claim or had abandoned
> it.

10 Collier on Bankruptcy ¶ 7023.1.03 (15th ed. rev. 2007) (emphasis added and footnotes omitted).

Here Plaintiff asserted in his Complaint that, under Rule 23.1, seeking demand would be futile

because "the very parties again[st] which the Corporations upon whose behalf and in relation to

which Maloof is bring[ing] suit are controlled, dominated, and directed by the very Defendants

named herein."  (Compl. ¶ 1.)  Assuming, *arguendo*, that this statement satisfies the requirements

of Rule 23.1, Plaintiff has not sought or obtained permission from the bankruptcy court to file the

instant action.[3]  *Kemper v. Am. Broad. Cos.*, 365 F. Supp. 1272, 1274 (S.D. Ohio 1973) (dismissing

a shareholder action for failing to satisfy requirements of Rule 23.1 and failing to obtain "consent

---

[3]     The Debtors also cite *Canadian Pacific Forest Prods. Ltd. v. J.D. Irving, Ltd.* (*In
re The Gibson Group, Inc.*), 66 F.3d 1436, 1441 (6th Cir. 1995), as listing other
requirements that Plaintiff must meet for the bankruptcy court to authorize a suit.
However, *In re The Gibson Group, Inc.* involved the derivative standing
requirements that a creditor (not a shareholder) must meet in order to bring an
avoidance action to avoid a fraudulent conveyance pursuant to 11 U.S.C. §§ 547,
548.  As such, the court finds that the case is not relevant here.

and authorization" of bankruptcy court); *see Mitchell Excavators, Inc. v. Mitchell*, 734 F.2d 129, 131-32 (2d Cir. 1984) (holding, after discussing the shareholder's lack of standing for failure to meet requirements, that "any further proceedings related to appellant's attempt to bring an action against the appellees should take place, in the first instance, in the bankruptcy court"). Consequently, the Debtors argue that Plaintiff lacks standing and the case must therefore be dismissed.

In response, Plaintiff presents three reasons why he did not need to seek permission from the bankruptcy court to bring this lawsuit: (1) the causes of action accrued after the bankruptcy petition was filed so they are not property of the estate; (2) even if the claims are property of the estate, the Debtors have abandoned the claims; and (3) because the bankruptcy action was initiated for a fraudulent purpose, the Debtors have no right to assert any right to prosecute the claims.  As discussed below, the court finds that Plaintiff's arguments are not well-taken.

Furthermore, the court notes that, on September 14, 2007, the bankruptcy court issued a ruling in a related proceeding that rejected two of Plaintiff's theories.  (*See WHM Emprises, Inc., et al., v. Maloof* (*In re Level Propane Gases, Inc., et al.*), Adv. Proc. No. 07-1278, Debtors' Ex. A, ECF No. 111.)  The Debtors filed the above-referenced bankruptcy case seeking an injunction to prevent Maloof from proceeding with the instant case in this court.  Maloof, the defendant in the bankruptcy case, filed a motion to dismiss on the ground that the claims in the instant case are not property of the bankruptcy estate because they accrued post-petition. The bankruptcy court rejected Maloof's arguments, holding that (1) under 11 U.S.C. § 541(a)(7), even claims filed post-petition constitute property of the estate; and (2) Maloof's argument that he is entitled to proceed with the action in this court "because the entire bankruptcy case is a fraud" is "unsupported by legal

-6-

authority" and there has been no "judicial determination in any court that the Debtors' bankruptcy case is fraudulent."  (*Id.* at 3.)

Consequently, for the reasons stated below as well as those stated by the bankruptcy court, the court finds that Plaintiff's failure to obtain the bankruptcy court's permission to bring the instant case deprives Plaintiff of standing.

### 1. Property of the Bankruptcy Estate

Plaintiff argues that he did not need to seek permission from the bankruptcy court to bring the instant action because the claims that Plaintiff asserts here are not property of the bankruptcy estate.  11 U.S.C. § 541 details the items that are considered property of the bankruptcy estate.  The section provides, in pertinent part:

> (a) The commencement of a case under section 301, 302, or 303 of this title [11 USCS § 301, 302, or 303] creates an estate.  Such estate is comprised of all the following property, wherever located and by whomever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
> . . . .
> (7) Any interest in property that the estate acquires after the commencement of the case.

Causes of action belonging to the debtor constitute property of the estate.  *Stevenson v. J.C. Bradford & Co.* (*In re Cannon*), 277 F.3d 838, 853 (6th Cir. 2002).

It is undisputed that the relevant bankruptcy cases were commenced on June 6, 2002, as involuntary petitions under Chapter 7 of the Bankruptcy Code, and that the proceedings were later converted to Chapter 11 cases.  Furthermore, the Debtors do not dispute Plaintiff's assertion that his present claims accrued June 27, 2003, when "the going-concern assets of Level Propane [of which Plaintiff had been the sole shareholder] were transferred to Horizon Propane."  (Pl.'s Opp'n Br. 6,

ECF No. 25.)  Plaintiff's reliance on § 541(a)(1) to argue that only claims that existed at the commencement of the bankruptcy case are property of the estate is not well-taken. Section 541(a)(7) expressly includes any interest acquired after the commencement of the bankruptcy case.

Furthermore, the Sixth Circuit has held that a cause of action brought after the commencement of the bankruptcy case constitutes property of the estate. *Parker v. Goodman* (*In re Parker*), 499 F.3d 616, 624 (6th Cir. 2007).  In *In re Parker*, the debtor brought a legal malpractice suit against his attorney a year after his bankruptcy proceedings.  The court affirmed the bankruptcy court's finding that the lawsuit was property of the estate, reasoning:

> The Bankruptcy Code defines "property of the estate" to include "all legal or equitable interests of the debtor in property as of the commencement of the case," and "[a]ny interest in property that the estate acquires after the commencement of the case."  11 U.S.C. §§ 541(a)(1), (7).  As "legal and equitable interests," causes of action that belong to the debtor constitute property of the estate under § 541(a)(1).  *In re Cannon*, 277 F.3d 838, 853 (6th Cir. 2002); *see also Bauer v. Commerce Union Bank, Clarksville, Tenn.*, 859 F.2d 438, 441 (6th Cir. 1988).  Additionally, rights derivative from the debtor's causes of action constitute an interest in property that the estate acquires.  *See In re O'Dowd*, 233 F.3d 197, 202 (3d Cir. 2000) ("[W]ith limited exceptions . . ., the estate encompasses everything that the debtor owns upon filing a petition, as well as any derivative rights, such as property interests the estate acquires after the case commences.").
>
> Colorably, then, the legal malpractice suit in the instant case was property of the estate under § 541.

*Id.* at 624.

Plaintiff cites to several cases involving Chapter 7 bankruptcy proceedings in support of his argument that post-commencement property is not property of the bankruptcy estate.  However,

-8-

as the Debtors point out, post-commencement property is treated differently in Chapter 11 cases than in Chapter 7 cases.  As one court has explained:

> Despite the fact that § 541(a)(7) appears to mandate the inclusion of post-commencement property in the bankruptcy estate, a distinction is drawn between petitions filed under Chapter 7 and those filed under Chapters 11 and 13.  In an individual case filed under Chapter 7, two estates are created - the chapter 7 bankruptcy estate, and a new, post-petition estate. Into this post-petition estate goes "property which the debtor receives, after filing and which is not governed by the exceptions in § 541(a)(5)."  *In Re Griseuk*, 165 Bankr. 956, 958 n.3 (Bankr. M.D. Fla. 1994).  Thus, <u>unlike a case filed under Chapter 11 or 13</u>, the Chapter 7 debtor retains possession of property acquired after the commencement of the bankruptcy case.  *See In Re Ellis*, 108 Bankr. 262, 268 (D. Haw. 1989).

*Brassfield v. Jack McLendon Furniture*, 953 F. Supp. 1424, 1432 (M.D. Ala. 1996) (emphasis added); *see In re Herberman*, 122 B.R. 273, 278-279 (Bankr. W.D. Tex. 1990) ("[T]here can be no 'part' of a debtor that is not 'in bankruptcy' during the pendency of a chapter 11 proceeding.").  Consequently, Plaintiff's cause of action in the instant case is property of the bankruptcy estate.

### 2. Abandonment

Plaintiff argues that even if the claims are the property of the bankruptcy court, the Debtors have abandoned these causes of action, thereby allowing Plaintiff to bring the suit.  Plaintiff implicitly seeks a finding of "constructive abandonment," arguing that the Debtors abandoned the instant claims by vigorously resisting, in earlier related proceedings, the factual claims asserted. The Sixth Circuit has held in an unpublished opinion that "[o]nly if a trustee formally abandons a claim does that claim revest in the debtor, enabling the debtor to then bring suit."  *DeMarco v. Ohio Decorative Prods.*, No. 92-2294, 1994 U.S. App. LEXIS 3848, at *16 (6th Cir. Feb. 25, 1994) (citing *Mgmt. Investors v. United Mine Workers of Am.*, 610 F.2d 384, 392 (6th Cir. 1979); *see Mitchell Excavators, Inc.*, 734 F.2d at 131-132.  In accordance with this holding, the court in

*Skolnick v. Atlantic Gulf Communities Corp.* (*In re General Development Corp.*), 179 B.R. 335, 339-40 (S.D. Fla. 1995), found that the debtor had not abandoned the plaintiff's derivative claims by simply failing to prosecute them, stating that:

> [t]his "constructive" abandonment claim is fatally defective as a matter of law.  A debtor in possession must comply with the notice and hearing procedures set forth in section 554(a) and Rule 6007(a) and must obtain approval from the bankruptcy court before it may abandon a claim.

(citations and footnotes omitted).  *Skolnick* makes clear that Section 554 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 6007 govern abandonment of a bankruptcy estate's property.  *See Rowland v. Mutual Life Ins. Co.*, 689 F. Supp. 793, 796-97 (S.D. Ohio 1988).  11 U.S.C. § 554 provides in pertinent part:

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

In addition, unadministered property is automatically abandoned by operation of law under § 554(c), when a case is closed.  Finally, § 554(d) states that "[u]nless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."

Thus, in the instant case, Plaintiff can show abandonment in only two ways: if the Debtors had formally abandoned the claims after a notice and hearing, or if the bankruptcy court had ordered the Debtors to abandon the claims, after a notice and hearing.  As neither of these scenarios has occurred, the court finds that the Debtors have not abandoned the claims that Plaintiff asserts here.

-10-

Therefore, Plaintiff cannot rely on the Debtors' "abandonment" to excuse Plaintiff's failure to obtain the bankruptcy court's authorization to bring the instant suit.

### 3. Fraud

Plaintiff argues that the fact that he alleges that the bankruptcy case was fraudulent means that the Debtors "have no right to assert any right to prosecute these claims," and allows Plaintiff to bring the instant case without seeking either permission from the bankruptcy court or a finding of abandonment. (Pl.'s Opp'n Br. at 1, 15.) While it is true that on a Motion to Dismiss, the court must take all of Plaintiff's factual allegations as true, this rule does not extend to legal conclusions. *HMS Prop. Mgmt. Group v. Miller*, Nos. 94-3668, 94-3669, 1995 U.S. App. LEXIS 35116, at *7 (6th Cir. Oct. 31, 1995); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971). Consequently, Plaintiff's argument that the court must accept as true Plaintiff's allegation that the bankruptcy case was commenced for a fraudulent purpose is not well-taken.

Furthermore, Plaintiff has not cited any authority to support his contentions that his allegations of fraud preclude the Debtors from constituting debtors in possession (*see* Pl.'s Opp'n Br. at 17) and that he need not seek the authorization of the bankruptcy court before pursuing a derivative action alleging fraud. Plaintiff's reliance on *Sender v. Buchanan*, 84 F.3d 1281 (10th Cir. 1996) is misplaced. As trustee, the plaintiff in *Sender* had standing, unlike the instant Plaintiff. Furthermore, the *Sender* court affirmed the dismissal of the trustee's action to rectify a fraud by recovering funds from an investor's illegal partnership in a Chapter 7 case on the ground that the trustee was subject to the same defenses as the debtor. Thus, *Sender* is inapposite on both its facts and holding. As such, the court finds that Plaintiff's allegations of fraud do not allow him to bring

suit in the absence of permission by the bankruptcy court.  Therefore, the Debtor's Motion to Dismiss (ECF No. 9) is granted for lack of standing.

### B. Other Pending Motions

Because the court has dismissed the instant case in its entirety due to Plaintiff's lack of standing, the other pending motions are now denied as moot.

### IV. CONCLUSION

For the reasons stated above, the court grants the Debtors' Motion to Dismiss (ECF No. 9) and denies as moot the following motions: Plaintiff's Motion to Reconsider Order Denying Motion to Transfer Case (ECF No. 10); the Debtors' Motion to Stay Action Ex Parte (ECF No. 12); Defendant Steven Sues' Motion to Dismiss Verified Complaint (ECF No. 17); Defendants Newmarket Partners, LLC and John S. Rudd's Motion to Dismiss Complaint (ECF No. 19); Defendants Benesch, Friedlander, Coplan & Aronoff LLP, James M. Hill, and H. Jeffrey Schwartz's Motion to Dismiss (ECF No. 55); Defendants Amerigas Propane, L.P. and UGI Corporation's Motion to Dismiss (ECF No. 59); Plaintiff's Motion for Stay of Proceedings in this Case Pending Disposition of His Motion to Vacate Agreed Conversion Order and Sale Order of the Level Propane Going-Concern Assets in the United States Bankruptcy Court (ECF No. 70); Defendant Robert F. Angart's Motion to Dismiss Maloof's Verified Complaint (ECF No. 74); Defendant Kenneth Seminatore's Motion to Dismiss (ECF No. 95); Defendant Walter Himmelman's Motion to Dismiss

Pursuant to Civ. R. 12(b)(6) (ECF No. 96);  Bank Defendants' Motion to Dismiss (ECF No. 112);

and Charles Sweet's Motion to Dismiss Maloof's Verified Complaint (ECF No. 130).

      IT IS SO ORDERED.

                              /s/ SOLOMON OLIVER, JR.
                              UNITED STATES DISTRICT JUDGE

March 5, 2008